UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Western Division

| | | |
|---|---|---|
| In Re: | ) | BK No.:   26-80841 |
| ROTARY AIRLOCK, LLC, | ) | |
| | ) | |
| | ) | Chapter:  11 |
| | ) | |
| | ) | Honorable Thomas M. Lynch |
| | ) | |
| Debtor(s) | ) | |

## INTERIM ORDER AUTHORIZING INTERIM POST-PETITION SECURED FINANCING, USE OF CASH COLLATERAL AND GRANTING RELATED RELIEF

THIS MATTER COMING TO BE HEARD upon the Motion of ROTARY AIRLOCK, LLC, Debtor and Debtor-in-Possession herein, For Authority to Obtain Post-Petition Secured Financing, to Use Cash Collateral and For Related Relief pursuant to Sections 363 and 364 of the Bankruptcy Code (the "Motion"); proper notice as required by Rules 4001(b) of the Federal Rules of Bankruptcy Procedure having been provided; no objections having been interposed; this Court having determined that the Debtor's authorization to obtain post-petition secured financing and to use cash collateral to cover the expenditures set forth on Exhibit A to this Order (the "Budget") is necessary to avoid immediate and irreparable harm to the Debtor's estate pending a final hearing on the Motion; and this Court being fully advised in the premises;.

NOW, THEREFORE, IT IS HEREBY ORDERED as follows:

A)   The Debtor is authorized to obtain post-petition secured financing from Central Bank, Illinois ("Central Bank"), the United States Small Business Administration (the "SBA") and Austin Business Finance, LLC, TVT Capital Source, LLC, Madison Group, EN OD Capital, Litefund Solutions, LLC and Core Funding, Source, LLC (the "Merchant Lenders" and, collectively, with Central Bank and the SBA,the "Secured Lenders") and to use cash collateral on an interim basis during the period May 27, 2026, through _____, 2026 (the "Budget Period"), to the extent set forth on Exhibit A attached hereto;

B)   During the Budget Period and pending a final hearing on the Motion, the Debtor is authorized to obtain post-petition secured financing from Central Bank pursuant to the terms and conditions of the existing pre-petition loan documents (the "Line of Credit") with Central Bank (as such Line of Credit is described in the Motion) to cover the expenditures set forth on the Budget attached to this Order as Exhibit A (the "Advances");

C)   All account debtors and customers owing any money to the Debtor are authorized and directed to pay such amounts directly to the Debtor until further Order of this Court;

D)   Central Bank's pre-petition loan documents shall be in full force and effect and are incorporated into this Order including the right to sweep all funds on deposit in the Debtor's bank account at Central Bank, apply the proceeds thereof to the Central Bank indebtedness and then lend funds to the Debtor pursuant to the borrowing base formula in the same manner as done between the Debtor and Central Bank prior to the filing of this Chapter 11 case. Additionally, Central Bank has agreed to the following modified and additional terms to such loan documents:

1) The maximum amount of the Central Bank line of Credit (as that term is defined in the Motion) is increased from $7,000,000.00 to $8,000,000.00 with all accounts receivable being included in the borrowing base;

2) The borrowing base formula and calculation will be re-evaluated by Central Bank at the maturity of the Central Bank Line of Credit;

3) The Debtor will submit weekly borrowing base certificates to Central Bank commencing in the week following the entry of this Order;

4) Central Bank shall make a new secured loan of $250,000.00 to the Debtor upon the entry of this Order secured by all assets of the Debtor (the "New Term Loan");

5) The New Term Loan and the Central Bank Line of Credit shall bear interest at the fixed rate of 7.5%, shall have a term of 6 months, shall require the Debtor to make monthly interest payments and shall be guaranteed by the existing guarantors; and

6) The Debtor shall pay a $15,000.00 loan origination fee and the reasonable attorneys' fees of Central Bank's Counsel for the modification of the Central Bank Line of Credit and the New Term Loan with payment thereof to be within 13 weeks of the entry of this Order.

E)    In return for the Debtor's authorization to obtain post-petition secured financing, and to use of cash collateral on an interim basis during the Budget Period, the Secured Lenders are  granted the following adequate protection for their secured interests in property of the Debtor:

1.    The Debtor will permit the Secured Lenders to inspect, upon reasonable notice, within reasonable hours, the Debtor's books and records;

2.    The Debtor shall maintain and pay premiums for insurance to cover all of its assets from fire, theft and water damage and shall maintain the Secured Lenders as additional insured parties on all policies;

3.    The Debtor shall, upon reasonable request, make available to the Secured Lenders evidence of that which constitutes their collateral or proceeds;

4.    The Debtor will properly maintain its assets in good repair and properly manage its business;

5.    To secure the advances under the Central Bank Line of Credit and the New Term Loan hereunder and as adequate protection for and to protect Central Bank against any diminution in the value of the pre-petition Collateral, Debtor also grants, pursuant to Section 364(c)(2) and 364(c)(3) of the Bankruptcy Code, a first lien on the Debtor's personal property of any kind and nature whatsoever, whether now owned or hereafter acquired by the Debtor, and all proceeds, rents or profits thereof, including all of the pre-petition Collateral and any unused or unearned deposits, or prepaid items, subject to all existing, valid prior liens (collectively, the "DIP Collateral");

6.    The Secured Lenders shall be granted valid, perfected, enforceable security interests in and to the Debtor's post-petition assets, including all proceeds and products which are now or hereafter become property of this estate to the extent and priority of their alleged pre-petition liens, to the extent

of the validity thereof and to the extent that the value of the Debor's assets supports such liens;

  7.    The Debtor shall comply with all covenants and maintain all formulas contained in the pre-petition Loan Documents.

  F)    The Debtor is authorized to pay the expenditures on Exhibit A attached hereto plus no more than 10% of the total proposed expense payments, unless otherwise agreed by Central Bank or upon further Order of this Court;

  G)    Any expenses that are budgeted by the Debtor for payment in one week but are not paid in such week shall be carried over for payment in subsequent weeks; and

  H)    A  hearing on the Motion is scheduled before this Court on July 8, 2026, at  11:00 a.m. The Debtor shall serve a copy of this Interim Order upon all creditors holding secured interests in cash collateral, the Office of the United States Trustee, the 20 largest unsecured creditors and any attorney having filed an appearance in this case, not less than 14 days prior to the final hearing on the Motion. Objections, if any, to the Motion shall be in writing and filed with Clerk of this Court with copies thereof served upon Debtor's Counsel, Central Bank's Counsel (Douglas R. Lindstrom Jr., Lane & Waterman LLP, 220 North Main Street, Suite 600, Davenport, Iowa 52801); and

  I)    Notice of the interim hearing on this Motion is adequate under the circumstances of this Case.

Enter:

Honorable Thomas M. Lynch

United States Bankruptcy Judge

Dated: 5/27/2026

**Prepared by:**

DEBTOR'S COUNSEL:
David K. Welch, Esq. (Atty. No. 06183621)
dwelch@burkelaw.com
Brian P. Welch, Esq. (Atty. No. 6307292)
bwelch@burkelaw.com
Burke, Warren, MacKay & Serritella, P.C.
330 N. Wabash Ave., Suite 2100
Chicago, Illinois 60611

Rev: 20170105_bko