# EXHIBIT A

 **Development Specialists, Inc.**
Advisory and Fiduciary Services • Corporate Restructuring and Workouts • Interim Management • Insolvency Services

May 1, 2026

Benjamin Hilty
President
Rotary Airlock, LLC
1104 E. 17th Street
Rock Falls, IL 61071

     Re: Development Specialists, Inc. ("DSI")
       Retention and Letter of Engagement

Dear Mr. Hilty:

Please accept this letter as DSI's formal written agreement to provide consulting services to Rotary Airlock, LLC (the "Company") (the "Agreement"). The Agreement will become effective upon execution by a duly authorized representative of the Company and our receipt of the retainer.

**Section 1 – Scope of Work**

DSI's role will be to provide the following services:

1. Prepare thirteen (13) week cash receipts and cash disbursements projections including Borrowing Base Certificates (BBC) that contemplates a Chapter 11 Bankruptcy filing.

2. Assist in the preparation of Bankruptcy Schedules and Statements of Financial Affairs.

3. Assist in the preparation of initial and monthly bankruptcy reporting.

4. Provide Bankruptcy Court testimony, if necessary

5. Participate in negotiations with various creditor constituencies including lenders and unsecured creditors.

6. Participate in developing a Plan of Reorganization.

7. Perform other tasks as may be requested by the Company and agreed to by DSI.

Our ability to adequately perform the Services is dependent upon the Company timely providing reliable, accurate and complete necessary information. You acknowledge that we are not responsible for independently verifying the truth, completeness or accuracy of any information supplied to us by or on behalf of the Company.

DSI will submit its evaluations and analyses pursuant to this engagement in periodic oral and written reports. Such reports are intended to and shall constitute confidential information.

CHICAGO

10 South LaSalle Street, Suite 3300 • Chicago, Illinois 60603 • Telephone: 312.263.4141 • Fax: 312.263.1180 • www.DSIConsulting.com

NEW YORK • LOS ANGELES • SAN FRANCISCO • MIAMI/FT. LAUDERDALE • MADISON • WILMINGTON • COLUMBUS • LONDON

Benjamin Hilty
May 1, 2026
Page 2 of 4

## Section 2 – Rates and Fees

A number of DSI's personnel have experience in financial restructuring matters and may be engaged in this representation. Although others of our staff may also be involved, we have listed below certain of the DSI personnel (along with their corresponding billing rates) who would likely constitute the core group for this matter.

| | |
|---|---|
| Patrick J. O'Malley | $795/hr. |
| Jack Donohue | $465/hr. |
| McKenna Novack | $345/hr. |

These rates above are adjusted as of January 1st of each year to reflect advancing experience, capabilities, and seniority of our professionals as well as general economic factors. DSI agrees that the aggregate fee for services provided in advance of a Chapter 11 bankruptcy filing will not exceed $25,000.

DSI will also be entitled to reimbursement for its reasonable costs and expenses. Such costs and expenses may include, among others, charges for messenger services, photocopying, travel expenses, postage and other charges customarily invoiced by consulting firms. DSI will submit detailed invoices to the Company periodically.

We require receipt of a retainer of $25,000 before starting work. The purpose of the retainer is to secure a portion of our fees and expenses and to retain our status as a non-creditor should such be required for DSI to remain on this engagement.

## Section 3 – Termination

Either the Company or DSI may terminate this Agreement for any reason with three (3) days written notice. The Company shall be obligated to pay and/or reimburse DSI all fees and expenses accrued under this Agreement as of the effective date of the termination.

## Section 4 – Relationship of the Parties, Confidentiality

DSI will provide consulting services to and for the Company, with select members of DSI assigned to specific roles for the benefit of the Company. These members will remain as DSI employees during the pendency of this case. Specifically, the parties intend that an independent contractor relationship will be created by this Agreement. Employees of DSI are not to be considered employees of the Company.

The Company acknowledges that all advice (written or oral) given by DSI to the Company in connection with DSI's engagement is intended solely for the benefit and use of the Company in considering the transaction to which it relates, and that no third party is entitled to rely on any such advice or communication. DSI will in no way be deemed to be providing services for any person or entity not a party to this Agreement.

 **DSI** Development Specialists, Inc.

Benjamin Hilty
May 1, 2026
Page 3 of 4

DSI agrees that all information not publicly available that is received by DSI from the Company in connection with this engagement or that is developed during this engagement, will be treated as confidential and will not be disclosed by DSI, except as required by Court order, or other legal process, or as may be authorized by the Company. DSI shall not be required to defend any action to obtain an order requiring disclosure of such information but shall instead give prompt notice of any such action to the Company, so that the Company may seek appropriate remedies, including a protective order.  The Company shall reimburse DSI for all costs and fees (including reasonable attorney's fees) incurred by DSI relating to responding to (whether by objecting to or complying with) any subpoenas or requests for production of information or documents.

## Section 5 – Indemnity, Limitation of Liability

The Company shall indemnify, hold harmless and defend DSI, and each and every one of the personnel employed by it who works on this particular project, as well as DSI officers, directors, employees and agents (the "DSI Parties") from and against any and all claims, liability, loss, cost, damage or expense (including reasonable attorney's fees) asserted against it or any of its individual personnel, or incurred by DSI or its personnel, arising out of or in connection with this engagement letter, or performance under this engagement letter, except where it is determined in a final judgment by a court of competent jurisdiction (not subject to further appeal) that such liability claim, loss, costs, damage or expense is the direct result of the willful misconduct, dishonesty, fraudulent act or omission, or gross negligence of any DSI personnel. Such indemnity shall survive the expiration or termination by either party of this engagement.

The DSI Parties shall not be liable to the Company, or any party asserting claims on behalf of the Company, except for direct damages found in a final determination (not subject to further appeal) by a court of competent jurisdiction to be the direct result of the bad faith, self-dealing or intentional misconduct of DSI. The DSI Parties aggregate liability, whether in tort, contract, or otherwise, is limited to the amount of fees paid to DSI for services on this engagement (the "Liability Cap"). The Liability Cap is the total limit of the DSI Parties aggregate liability for any and all claims or demands by anyone pursuant to this Agreement, including liability to the Company and to any others making claims relating to the work performed by DSI pursuant to this engagement letter.

## Section 6 – Conflicts

By approving this retention letter, the Company specifically waive any objection, or standing to object, to the retention, in matters unrelated to the Company, of DSI by banks or other institutional lenders or debt holders, who are or whose affiliates are principal lenders to the Company, or bank groups which include banks who are or whose affiliates are principal lenders to the Company.



**DSI** Development Specialists, Inc.

Benjamin Hilty
May 1, 2026
Page 4 of 4

### Section 7 – No Audit

The Company acknowledges that it is hiring DSI to assist and advise the Company in business planning and operations. DSI's engagement shall not constitute an audit, review or compilation, or any other type of financial statement reporting engagement that is subject to the rules of AICPA or other such state and national professional bodies.

### Section 8 – Survival

The provisions of this Agreement relating to indemnification, limitation of liability, and all other provisions necessary to the enforcement of the intent of this Agreement will survive the termination or expiration of this Agreement.

### Section 9 – Entire Agreement, Amendment

This Agreement letter contains the entire understanding of the parties relating to the subject matter of this engagement letter and supersedes and is intended to nullify any other agreements, understandings or representations relating to the subject of this engagement letter. This engagement letter may not be amended or modified except in a writing signed by the parties.

If you are in agreement with the terms and conditions of this engagement letter, I would ask that you indicate your acceptance of the above terms of our engagement by signing below, then returning the Agreement, along with the initial retainer payment in the sum of $25,000.

Should you have any questions or require additional information, please reach out to me directly.

Very truly yours,

Patrick J. O'Malley
Senior Managing Director

AGREED AND ACKNOWLEDGED:
Rotary Airlock, LLC

By: _____

Benjamin Hilty
President

Date: 5/1/2026

**DSI** Development Specialists, Inc.

# EXHIBIT B

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | |
|---|---|
| IN RE: | ) |
| | ) Case No. 26-80841 |
| ROTARY AIRLOCK, LLC, | ) Chapter 11 |
| | ) Hon. Thomas M. Lynch |
| *Debtor/Debtor-in-Possession* | ) |
| _____ | ) |

<u>**AFFIDAVIT OF PATRICK J. O'MALLEY**</u>

I, PATRICK J. O'MALLEY, being first duly sworn and under oath, hereby states as follows:

1. I am a Senior Managing Director at DEVELOPMENT SPECIALISTS, INC. ("DSI"), which maintains an office at 10 South LaSalle Street, Suite 3300, Chicago, Illinois 60603.

2. Except as hereafter stated, neither I nor any shareholder or employee at DSI, insofar as we have been able to ascertain, had any prior contact with the Debtor, has any connection with the Debtor, their creditors, or any other party in interest.

3. Neither I nor any shareholder or employee at DSI, insofar as we have been able to ascertain, represents any interest adverse to that of the estate or the Debtor in the matters upon which DSI is to be engaged.

4. The Debtor retained DSI beginning May 4, 2026, for purposes of preparing for a Chapter 11 Bankruptcy filing and assisting with the financial aspects of the proceeding.

5. DSI received two (2) separate pre-petition retainers totaling $50,000.00. The first payment of $25,000.00 was received on May 4, 2026. The second payment of $25,000.00 was received on May 8, 2026.

6. The professional services rendered by DSI under its engagement letter through the petition date were paid in full by application of a portion of its first retainer. The balance of the first retainer as of the petition date is $3,098.50. Therefore, the remaining balance of the two pre-petition retainers for application against post-petition

professional services rendered by DSI (pursuant to Order of this Court) in this Chapter 11 case is $28,098.50. Importantly, as of the Petition Date, DSI has no claim against the Debtor.

7. To the best of my knowledge, information and belief, neither myself, nor any shareholder of DSI, holds any interest or represents any interest, or is related to, in any manner, the United States Trustee in this District or any of his employees, or any individual serving in any capacity as either United States Trustee or Assistant United States Trustee in any other District.

8. Based on the foregoing, I believe that myself and all shareholders and employees of DSI are "disinterested" within the meaning of sections 101(14) and 327 of the Bankruptcy Code.

9. Pursuant to section 504 of the Bankruptcy Code, the undersigned states that no agreement or understanding exists between DSI and any other person for a division of compensation received or to be received herein unless that person is a shareholder or employee of DSI. No division of compensation shall be made by DSI except as stated above, and no agreement, express or implied, has been or will be entered into with the Debtor, any creditor, a trustee in bankruptcy or a representative of any of them, or attorney for any party in interest for the purpose of fixing fees and other compensation to be paid to any party in interest or to any attorney or any other party in interest, or to any person for services rendered in connection therewith from the assets of these estates, contrary to the Bankruptcy Code.

DATE: June 10, 2026

*/s/ Patrick J. O'Malley*
DEVELOPMENT SPECIALISTS, INC.
10 South LaSalle Street
Suite 3300
Chicago, Illinois 60603
Tel: 312.263.4141